# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HARRY LUCORE, SR.; and JUDY LYNNE LUCORE,<br><br>Plaintiffs,<br><br>vs.<br><br><br>GUILD MORTGAGE COMPANY, INC.; CALIFORNIA HOUSING FINANCE AGENCY; and ALL CREDITORS,<br><br>Defendants. | CASE NO. 12-CV-1411 - IEG (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>[Doc. No. 2]<br><br>**(2) DENYING WITHOUT PREJUDICE MOTION FOR WITHDRAWAL OF REFERENCE**<br><br>[Doc. No. 1] |

On June 11, 2012, Plaintiffs Steven Harry Lucore, Sr. and Judy Lynne Lucore ("Plaintiffs"), proceeding *pro se*, filed a document entitled "Removal/Transfer and Memorandum of Law in Support of Transfer/Removal of Bankruptcy Case No. 11-14196-PB13." [Doc. No. 1.] The Court construes this filing as a motion for withdrawal of reference to bankruptcy court pursuant to 28 U.S.C. § 157(d).[1]  Along with their motion, Plaintiffs submitted a motion to proceed

---

[1] In the filing, Plaintiffs state that they are removing the bankruptcy action pursuant to 28 U.S.C. § 1452. [Doc. No. 1 at 2.] However, § 1452 deals with removal of bankruptcy related claims from state court to federal district court. See In re Harris Pine Mills, 44 F.3d 1431, 1434-35 (9th Cir. 1995). 28 U.S.C. § 157(d) allows for the withdrawal of a bankruptcy action from a bankruptcy court to a district court. See In re Ormsby, 591 F.3d 1199, 1207 (9th Cir. 2010). Therefore, 28 U.S.C. § 157(d) rather than § 1452 is the proper statutory authority for Plaintiffs' filing.

1 *in forma pauperis*. [Doc. No. 2.] Having considered Plaintiffs' submissions, the Court **GRANTS**
2 Plaintiffs leave to proceed *in forma pauperis*, but **DENIES WITHOUT PREJUDICE** Plaintiffs'
3 motion for withdrawal of reference.

### BACKGROUND

5 On August 25, 2011, Debtor Plaintiffs filed a voluntary Chapter 13 bankruptcy case. In re
6 Lucore, No. 11-14196-PB13 (S.D. Cal., filed Aug. 25, 2011 [Doc. No. 1]). On June 11, 2012, the
7 same day Plaintiffs filed their motion for withdrawal, Plaintiff filed an adversary complaint in the
8 bankruptcy court against Defendants Guild Mortgage Company, Guild Administration
9 Corporation, Mortgage Electronic Registration Systems, Inc., Terry W. Lewis, Teresita Callejas,
10 Rhonda M. Kaninau, Gail Windus, Paul Laboda, Claudia Cappio, and Does 1-20. Lucore v. Guild
11 Mortg. Co., No. 12-90193-PB (S.D. Cal., filed Mar. 16, 2011 [Doc. No. 1]). The complaint asserts
12 various causes of action for (1) breach of contract; (2) civil rights violations; (3) mortgage fraud;
13 (4) the recordation of fraudulent documents; (5) violation of 18 U.S.C. § 1341; (6) violation of 18
14 U.S.C. § 1001; (7) constitutional violations; (8) violation of 15 U.S.C. § 1641; (9) mortgage fraud
15 for counterfeiting; and (10) declaratory and injunctive relief. Id. The complaint demands a jury
16 trial. Id.

17 On July 9, 2011, the defendants in the adversary proceeding filed a motion to dismiss
18 Plaintiff's adversary complaint. Id. ([Doc. No. 6.]). A hearing on the motion to dismiss is
19 currently scheduled for August 27, 2012 at 10:00 a.m. before the bankruptcy court. Id. ([Doc. No.
20 7.]). By the present motion, Plaintiffs seek withdrawal of the reference from the bankruptcy court
21 to this Court. [Doc. No. 1.]

### DISCUSSION

**I.      MOTION TO PROCEED *IN FORMA PAUPERIS***

24 All parties instituting any civil action, suit, or proceeding in a district court, except an
25 application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a); see,
26 e.g., Meyers v. Textron Fin. Corp., 2011 U.S. Dist. LEXIS 101190, at *15-16 (N.D. Tex. Sept. 7,
27 2011) (requiring party filing a motion for withdrawal of reference to pay filing fee); Control Ctr.
28 L.L.C. v. Lauer, 288 B.R. 269, 271 (M.D. Fla. 2002) (same). However, an action may proceed

1  despite failure to pay the filing fee if the party is granted *in forma pauperis* ("IFP") status.  See
2  Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  The Court may grant IFP status to any
3  party who demonstrates that he or she is unable to pay such fees or give security therefor.  28
4  U.S.C. § 1915(a).
5       In the present case, having reviewed Plaintiffs' motion to proceed IFP and the declaration in
6  support of the motion, the Court finds that Plaintiffs have made a sufficient showing of inability to
7  pay the required filing fees.  See Rodriguez, 169 F.3d at 1177.  Accordingly, good cause appearing,
8  the Court **GRANTS** Plaintiffs leave to proceed *in forma pauperis*.
9  **II.**     **MOTION FOR WITHDRAWAL OF REFERENCE**
10       **A.**     **Legal Standards**
11       Federal courts have original jurisdiction over civil proceedings arising in or related to
12  bankruptcy cases.  28 U.S.C. § 1334(a); In re McGhan, 288 F.3d 1172, 1179 (9th Cir. 2002).  Under
13  28 U.S.C. § 157(a), a district court may refer any or all such bankruptcy matters to a bankruptcy
14  judge.  See In re Harris, 590 F.3d 730, 736 (9th Cir. 2009).  Bankruptcy judges have jurisdiction to
15  "hear and determine all cases under title 11 and all core proceedings arising under title 11, or
16  arising in a case under title 11." 28 U.S.C. § 157(b).  However, a district court may withdraw cases
17  arising under title 11–or matters within those cases–from the bankruptcy courts "on its own motion
18  or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d); accord. Vacation Vill.,
19  Inc. v. Clark Cnty., 497 F.3d 902, 914 (9th Cir. 2007).  Under § 157(d), a reference to the
20  bankruptcy court may be subject to a permissive or mandatory withdrawal, depending on the
21  circumstances.  In re Estate Fin. Mortg. Fund, LLC, 2011 U.S. Dist. LEXIS, at *4 (C.D. Cal. Sept.
22  9, 2011).
23       The burden of proving that withdrawal is appropriate is on the party seeking withdrawal.  In
24  re First Alliance Mortg. Co., 282 B.R. 894, 902 (C.D. Cal. 2001).  A district court's decision to
25  withdraw a reference is reviewed for abuse of discretion.  Sec. Farms v. Int'l Bhd. of Teamsters,
26  Chauffeurs, Warehousemen, & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997).
27  ///
28  ///

**B.     Mandatory Withdrawal**

Withdrawal is mandatory where the district court "determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Congress intended for this language to be construed narrowly. See In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996). Therefore, courts have interpreted this language to require mandatory withdrawal only where "substantial and material" questions of non-bankruptcy federal law are present. Sec. Farms., 124 F.3d at 1008 n.4; accord. Imperial Capital Bancorp, Inc. v. FDIC, 2011 U.S. Dist. LEXIS 118775, at *5-6 (S.D. Cal. Oct. 14, 2011). This requires "that the issues in question require more than the mere application of well-settled or 'hornbook' non-bankruptcy law; 'significant interpretation' of the non-Code statute must be required." Vicars Ins. Agency, 96 F.3d at 953; see also In re IndyMac Bancorp Inc., 2011 U.S. Dist. LEXIS 78418, at *5 (C.D. Cal. Jul. 15, 2011) ("The issues must be 'significant open and unresolved' and must involve more than 'mere application of federal law.'").

Although Plaintiffs' adversary complaint contains federal causes of action, Plaintiffs have failed to show that the resolution of these causes of action requires anything more than the mere application of well-settled or "hornbook" non-bankruptcy federal law. See Hawaiian Airlines, Inc. v. Mesa Air Group, Inc., 355 B.R. 214, 223 (D. Haw. 2006) (finding mandatory withdrawal was not required where the movant failed to identify the portions of federal law at issue, which he contended required substantial and material consideration). In the motion for withdrawal, Plaintiffs focus on their state law causes of action. [Doc. No. 1 at 5-10.] However, Plaintiffs' state law claims do not require the determination of a federal issue, and, therefore, cannot be the basis for mandatory withdrawal of the reference. See Don's Making Money, LLP v. Estate of Deihl, 2007 U.S. Dist. LEXIS 32972, at *10 (D. Ariz. May 3, 2007) ("Consideration of state laws does not give rise to mandatory withdrawal."). Therefore, mandatory withdrawal is not required on this basis.

Plaintiffs' adversary complaint contains "non-core" matters and requests a jury trial. See Sec. Farms, 124 F.3d at 1008 ("Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'"). The Ninth Circuit has

explained that jury trials in "non-core" matters without the consent of the parties are unconstitutional. See In re Cinematronics, 916 F.2d 1444, 1451 (9th Cir. 1990). Therefore, it would appear that withdrawal might be mandatory due to Plaintiffs' demand for a jury trial in the adversary complaint. However, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." In re Healthcentral.com, 504 F.3d 775, 787 (9th Cir. 2007) (citation omitted). Plaintiffs' adversary proceeding is only at the pleading stage. Therefore, it is appropriate to allow the bankruptcy court to retain jurisdiction over the proceedings for all pre-trial matters, including the pending motion to dismiss. Cf. id. ("[E]ven if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment right to a jury trial, as these motions merely address whether trial is necessary at all."). Accordingly, the Court determines that mandatory withdrawal is not required at this time.

   **C. Permissive Withdrawal**

A district court may permissively withdraw a reference "for cause shown." Sec. Farms, 124 F.3d 999, 1008 (9th Cir. 1997). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Id.

In this case, judicial economy would actually be served by denying the motion for withdrawal. The Ninth Circuit has explained that "requiring that an action be immediately transferred to district court simply because of a jury trial right would run counter to our bankruptcy system." Healthcentral.com, 504 F.3d at 787. Judicial economy is promoted by allowing the bankruptcy court to oversee pre-trial matters and determine whether a case actually requires a trial prior to withdrawal. See In re Orion Pictures Corp., 4 F.3d 1095, 1101-02 (2d Cir. 1993); Healthcentral.com, 504 F.3d at 788 ("Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out."). For example, in this case, judicial economy would be furthered by allowing the bankruptcy court to decide the already pending motion to dismiss prior to withdrawal of the reference. In

1  addition, it is a more efficient use of judicial resources to leave the matter in bankruptcy court with
2  a judge who is more familiar with the adversary proceeding and the Plaintiffs' underlying
3  bankruptcy.  See Stratton v. Garcia, 2007 U.S. Dist. LEXIS 14434, at *15 (E.D. Cal. Feb. 12,
4  2007).
5       Plaintiffs also appear to argue that withdrawal is appropriate because the bankruptcy judge,
6  Judge Bowie, is biased against them.  [Doc. No. 1-1.]  In their motion, the only evidence Plaintiffs
7  present of Judge Bowie's alleged bias are adverse rulings made during the proceedings, which
8  Plaintiffs claim are erroneous.  [Doc. No. 1 at 7-11.]  However, adverse rulings by themselves do
9  not constitute the requisite bias necessary to warrant recusal of a judge even if the rulings were
10 erroneous.  United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983).  In addition, "erroneous
11 legal judgments are not sufficient to justify withdrawal of reference."  Winslow v. Williams Group,
12 134 B.R. 949, 959 (D. Colo. 1990).  Any such error may be corrected on appeal to this Court
13 pursuant to 28 U.S.C. § 158.  Id.  Therefore, Plaintiffs have failed to show that cause exists for
14 withdrawal of the reference.  Accordingly, the Court declines to permissively withdrawal the
15 reference.

## CONCLUSION

17     Based on the foregoing, the Court **GRANTS** Plaintiffs' motion to proceed *in forma*
18 *pauperis* pursuant to 28 U.S.C. § 1915(a), but **DENIES WITHOUT PREJUDICE** Plaintiff's
19 motion for withdrawal of reference.  The Clerk is directed to close the case.

20     **IT IS SO ORDERED.**
21 **DATED:** July 16, 2012

*Irma E. Gonzalez*
**IRMA E. GONZALEZ**
**United States District Judge**